IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA,       *
                                  *
         Plaintiff,           *
                                  *
                                  *
vs.                               *           No. 4:05cr00190 SWW
                                  *
                                  *
                                  *
                                  *
MARIO FUDGE,                *
                                  *
         Defendant.           *

ORDER

        Defendant Mario Fudge is charged in a two-count indictment with conspiracy to possess

stolen firearms in violation of 18 U.S.C. § 371 and 18 U.S.C. § 922(j), and possession of one or

more firearms, having previously been convicted of a crime, in violation of 18 U.S.C. §

922(g)(1).  The issue before this Court is defendant's competency to stand trial.


I.

        Previously, this Court ordered that a psychiatric or psychological examination be

conducted on defendant to determine whether or not defendant is presently suffering from a

mental disease or defect rendering him mentally incompetent to understand the nature of the

proceedings against him or properly assist in his own defense, and to determine his competency

at the time of the alleged offense.  The evaluation of defendant took place at a Federal Bureau of

Prisons ("BOP") facility.

        On September 18, 2006, the BOP provided its report of the forensic evaluation of

defendant.  By Memorandum and Order entered January 4, 2007 [doc.#37], this Court found by a preponderance of the evidence that defendant did not have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and that he thus does not meet the test for a defendant's competency to stand trial.  Accordingly, this Court, pursuant to 18 U.S.C. § 4241(d), committed defendant to the custody of the Attorney General to be hospitalized in a suitable facility for a reasonable period of time, not to exceed four (4) months from the date of entry of the Memorandum and Order, to determine whether there is a substantial probability that, in the foreseeable future, the defendant would attain the capacity to stand trial.  This Court further directed that as soon as practicable following the treatment to be administered defendant, the Attorney General provide this Court with a report on whether the treatment has restored defendant to competency.

On July 11, 2007, this Court received a psychiatric evaluation of defendant from the BOP which concluded that defendant is not now suffering from a mental disease or defect to the extent he is unable to understand the nature and consequences of the proceedings filed against him or assist properly in his own defense and that he is now competent to stand trial.  Having reviewed the report, defendant's then-attorney requested and was granted an independent psychiatric evaluation.[1]

On August 14, 2008, Dr. James R. Moneypenny, the psychologist selected by defendant to conduct the independent examination, provided his report to this Court.  Dr. Moneypenny concluded, among other things, that defendant "probably has a minimally adequate appreciation that his [alleged] conduct was criminal, but his capacity to assist his attorney(s) in a meaningful

---

[1] Sadly, defendant's attorney passed away and a new attorney was appointed to represent defendant.

way is questionable" and that "[h]is attorney(s) will need to make much more extended efforts to explain to him the concepts and consequences of his legal options and decisions."

This Court held a hearing on September 26, 2008, to address defendant's competency to stand trial.  This Order constitutes the Court's ruling as announced from the bench.[2]


II.

A criminal defendant may not be tried unless he is competent.  *Godinez v. Moran*, 509 U.S. 389, 396 (1993).  A defendant is mentally incompetent to stand trial when he is "suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  18 U.S.C. § 4241(a).  The test for a defendant's competency to stand trial is "whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding–and whether he has a rational as well as factual understanding of the proceedings against him."  *Dusky v. United States*, 362 U.S. 402 (1960) (per curiam).  *See also United States v. Jimenez-Villasenor*, 270 F.3d 554, 559 (8th Cir. 2001); *Vogt v. United States*, 88 F.3d 587, 591 (8th Cir. 1996).[3]  The standard of proof for a finding of incompetence under § 4241 is by a preponderance of the evidence.  *United States v. Ferro*, 321 F.3d 756, 760 (8th Cir. 2003).


III.

---

[2] This Order was prepared without benefit of a certified transcript of the proceedings.

[3] The *Dusky* standard for competency to stand trial applies equally to competency to plead guilty.  *United States v. Martinez*, 446 F.3d 878, 881 (8th Cir. 2006) (citing *Godinez*, 509 U.S. at 398).

3

As this Court stated at the conclusion of the hearing, the Court has reviewed the record and has also listened to the arguments of counsel. The Court will assume as stated by defendant's counsel that the family members of defendant would testify that defendant has the mind of a child. The Court, however, does find that the circumstances are not quite the same as they were when this Court first received the report of September 2006 indicating defendant would need significant help from his lawyer. The Court has since received the July 2007 report, and also Dr. Moneypenny's report. The Court finds that defendant does have a lower than normal intellectual functioning. The Court also finds that his IQ scores have a huge gap. In other words, back in 1997, he had activity IQ of 78 on one test and then, in 2006, he had activity IQ of 54. Dr. Moneypenny states that a true variation of this magnitude is unlikely, absent some significant neurological insult or disease. Dr. Moneypenny says that a head injury suffered by defendant in 2004 or 2005 is not likely to be the cause of that. He does not offer any other suggestions other than saying malingering is what some psychologists had determined was the cause and he says that he is not precluding the prospect that defendant might have malingered. The evaluation in 2007 reflects that defendant has been able to read letters and has been observed reading. He also was able to use other people's codes to get access to the telephone. Defendant's phone conversations with his mother indicated that he understood how to effect wire transfers to pay back those people whose phone codes he was using. In addition, he has been found competent by state psychologists and has, in fact, gone to trial in the past. And even Dr. Moneypenny believes that defendant would be able to understand the concepts of his legal options provided his attorney takes the time to explain them. The Court notes also that the evaluators in 2007 made available to defendant some sort of competency restoration program

that was available at the institution, and he did not regularly attend.  He attended two or three times, and this program is for people who, just like defendant, were found incompetent to stand trial and who were detained pursuant to the statute to determine whether their competency could be restored.  The Court finds that this also indicates that perhaps defendant did not want his competency to be restored and that he might be malingering.  There is no doubt that defendant, according to the evaluations, understood the wrongness of the alleged conduct.  The Court has already set this matter for trial and now finds that defendant's competency has been restored pursuant to the statute.


IV.

For the foregoing reasons, the Court finds that defendant is competent to stand trial, having a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and having a rational as well as factual understanding of the proceedings against him.  The Court notes that as defendant does have a lower-than-average level of intellectual functioning, the Court will permit defendant at the request of his counsel to have brief recesses as needed so that he and counsel may consult with each other and determine trial strategy.

IT IS SO ORDERED this 29th day of September 2008.


/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE